UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIMEE KINGSTON )<br>    Plaintiff, )<br> )<br>VS. )<br> )<br>GREGORY STRANGE, FRANK CARIDI, THE TOWN )<br>OF EASTON MASSACHUSETTS, et al. )<br>    Defendants. ) | C.A. No. 1:24-cv-12021-DJC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**I.  INTRODUCTION**

Plaintiff applied for and received a special permit to renovate her historic property at 35-37 Poquanticut Avenue, Easton, MA (the "premises") into a duplex.  She then violated the permit by failing to build in accordance with the special permit.  The Town of Easton Building Inspector issued a stop work order to cease and desist.  Rather than go through the proper channels to resubmit the premises to try to rectify her violation and continue renovation, plaintiff sought out and communicated with multiple town officials through email and at public meetings, both on her own and through the assistance of retained counsel.  After failing to obtain the relief she sought, on August 6, 2024, plaintiff filed suit *pro se*, seeking relief under 42 U.S.C. § 1983.  Because the plaintiff's complaint fails to state a claim upon which relief can be granted under either the due process or equal protection clauses of the Fourteenth Amendment, the Defendants request that her complaint be dismissed.

**II.  ALLEGED FACTS**

On March 7, 2022, the Easton Planning and Zoning Board ("Planning Board") approved a special permit to renovate the premises into a duplex.  Complaint at 3.  On August 31, 2022, Easton Building Inspector Frank Caridi ("Caridi") issued a stop work order.  Ex. A to Complaint.

The stop work order states "The special permit did not allow for the extensive demolition work conducted at the sight.  You will need to reach out to the Planning Board to resolve this matter." Ex. A to Complaint.  The stop work order tells the recipient to "cease and desist such activity", citing to 780 CMR § R114.1 and M.G.L. c. 143, § 6-10.  Id.  The order further states "You have the right to appeal this order with the Zoning Board of Appeals within 30 days of receipt of this letter."  Id.  Plaintiff received a written copy of this order on September 6, 2022.  Complaint at 8. The Planning Board notified the plaintiff they would be discussing the matter at their regular board meeting on the night of September 7, 2022.  Complaint at 9.  Plaintiff appeared at the board meeting on September 7, 2022.  Complaint at 10.  There, she apologized for not understanding what procedure should have been followed when existing rotting members were discovered.  Id.

Thus began a saga that has continued through July 2024, in which the plaintiff engaged in communication with various Officials of the Town of Easton, including, among others: Planning Board Members, Building Inspector, Planning & Economic Development Director, Building Commissioner and Zoning Enforcement Officer, Town Administrator, and Chair of the Select Board.  It should be noted that plaintiff essentially demolished the historical premises, which resulted in the August 31, 2022, violation of the approved special permit.  On January 6, 2023, plaintiff's counsel sent a letter to Town Administrator Connor Read recounting the events and seeking to discuss the matter further.  Ex. A to Complaint.  Since then, Plaintiff engaged in numerous emails, meetings, Zoom Meetings, and phone calls with the Town Officials.  See, e.g., Complaint at 11-34.  Plaintiff has now sued the aforementioned Town Officials, as well as various Town Entities, and the Town itself (18 defendants in all[1], collectively referred to as the

---

[1] The full list of named Defendants: (1) Gregory Strange, Former Chair Town of Easton Planning and Zoning Board; (2) Frank Caridi, Town of Easton Local Building Inspector; (3) Stephanie Danielson, Town of Easton Director,

2

"Easton Defendants") for alleged Constitutional violations under 42 U.S.C. § 1983.

Before evaluating the plaintiff's allegations, the various Town of Easton Municipal Boards and Departments named as Defendants, other than the Town of Easton itself, should be dismissed as they are not suitable government entities for a lawsuit: The Town of Easton Massachusetts Inspectional Services, The Town of Easton Massachusetts Building Department, The Town of Easton Massachusetts Planning and Zoning Board, The Town of Easton Massachusetts Planning & Economic Development, The Town of Easton Massachusetts Department of Town Administrator, and The Town of Easton Massachusetts Select Board.

## III.   STANDARD OF REVIEW

This Court is well familiar with the standard applied to motions to dismiss brought under Rule 12(b)(6). The Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

---

Planning & Economic Development; (4) Kevin Grenier, Town of Easton Building Commissioner and Zoning Enforcement Officer; (5)Connor Read, Town of Easton Town Administrator; (6) Dottie Fulginiti, Chair Easton Select Board; (7) Peter Deschenes, Former Vice Chair for the Town of Easton Planning and Zoning Board; (8) Robert Stetson, Former Member and Current Chair of the Town of Easton Planning and Zoning Board; (9) Christopher Anderson, Former Member of the Town of Easton Planning and Zoning Board; (10) Deborah Balcarek, Former Member of the Town of Easton Planning and Zoning Board; (11) Amos Keddem, Former Member of the Town of Easton Planning and Zoning Board; (12)The Town of Easton Masssachusetts, (13) The Town of Easton Massachusetts Inspectional Services; (14) The Town of Easton Massachusetts Building Department; (15) The Town of Easton Massachusetts Planning and Zoning Board; (16) The Town of Easton Massachusetts Planning & Economic Development; (17) The Town of Easton Massachusetts Department of Town Administrator; and (18) The Town of Easton Massachusetts Select Board.

that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Dismissal is appropriate where a plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted).

IV.   ARGUMENT

**Plaintiff's Complaint Fails to Plausibly Allege Liability under 42 U.S.C. § 1983**

   1. *Plaintiff Fails to Allege a Procedural Due Process Violation.*

Throughout the "Allegations" section of her complaint, plaintiff alleges multiple times that the Easton defendants "deprived the Plaintiff of her Constitutional rights". These alleged deprivations consist of: issuing a stop work order (Complaint at Paragraph 8), not providing "investigatory documents" to the plaintiff (6), conduct in responding when questioned by the plaintiff (8, 32), enforcement of a Town of Easton bylaw (8), conduct during a Planning Board meeting (10), speaking with the plaintiff and/or her attorneys during a phone call (11, 13), conduct, communications, and/or requests during a Zoom meeting (12, 17), communicating with the plaintiff and/or her attorneys through email (14, 21, 27, 34), reminding the plaintiff that she would need to appear before the Planning Board to approve a modification (23), not approving plaintiff's application for a demolition permit (25), and responding to a facebook post by a third party regarding the premises (35).

The "basic guarantee" of procedural due process is that, before a deprivation of a protected liberty or property interest can take place, a plaintiff "must be forewarned and afforded an opportunity to be heard at a meaningful time and in a meaningful manner." Amsden v. Moran, 904 F.2d 748, 753 (1st Cir. 1990) (quotation omitted). The proper focus is on how the state acted – *i.e.* "'how and when' the alleged deprivation was effected." Amsden, 904 F.2d at 753. "Whether the deprivation . . . was itself erroneous is beside the procedural due process point." Id.

4

Additionally, a plaintiff cannot prevail on a procedural due process claim "unless he can show that the state failed to provide him with an adequate post-deprivation remedy." Cronin v. Town of Amesbury, 81 F.3d 257, 260 (1st Cir. 1996). "But for this limitation, federal suits might be brought for countless local mistakes by officials administering the endless array of state laws and local ordinances." Herwins v. City of Revere, 163 F.3d 15, 19 (1st Cir. 1998).

      a.   The Easton Defendants Did Not Violate Procedural Due Process.

"Due process . . . is not a technical conception with a fixed content unrelated to time, place and circumstances." Matthews v. Eldridge, 424 U.S. 319, 333 (1976). Rather, the standard is flexible and "calls for such procedural protection as the particular situation demands." Id. "The constitution does not require every procedural protection that might help; it simply requires that a private person have a basically fair opportunity to convince the decision-maker, by presenting proofs and arguments and evidence and replies to the arguments of others." Newman v. Burgin, 930 F.2d 955, 961 (1st Cir. 1991). Proceedings before a municipal board are benefitted with a presumption of regularity. Cf. Bonan v. Boston, 398 Mass. 315, 321 (1986). Plaintiff here was afforded the ability to meet and communicate with the Town Officials, she was represented by counsel, she was provided notice of the Planning Board hearings, and she was able to attend the hearings, provide testimony, and documentary evidence. She was able to present her arguments, she received responses from the Town Officials, and she was able to respond to them. "[T]he rules of evidence are not mandatory in municipal licensing and permitting proceedings." DM Hosp. Corp. v. Bd. of Selectmen of W. Boylston, 85 Mass. App. Ct. 1115 (2014); see Civ. Serv. Commn. v. Bos. Mun. Ct. Dept., 27 Mass. App. Ct. 343, 349 (1989) ("rules of evidence are not applicable to adjudicatory hearings before administrative agencies"). As such, there is no procedural due process violation regarding the conduct objected to by the plaintiff in her

5

Complaint. Here, "[t]he plaintiff had notice, an opportunity to be heard, a right to counsel, and a right to present evidence to his own behoof. The Board's provision of these safeguards sufficed to meet the demands of due process." Gonzalez-Droz v. Gonzalez-Colon, 660 F.3d 1, 15 (1st Cir. 2011) (internal citation omitted). Plaintiff has not alleged a viable procedural due process violation.

      b.   Plaintiff Has Adequate State Remedies.

Plaintiff cannot prevail on a procedural due process claim "unless [she] can show that the state failed to provide [her] with an adequate post-deprivation remedy." Cronin, 81 F.3d at 260; accord Zinermon v. Burch, 494 U.S. 113, 115 (1990); Parratt v. Taylor, 451 U.S. 527, 543 (1981); Hudson v. Palmer, 468 U.S. 517, 533 (1984). The stop work order issued by Mr. Caridi on August 31, 2022 states "You have the right to appeal this order with the Zoning Board of Appeals within 30 days of receipt of this letter." Exhibit A. The letter was sent by email, hand delivery, and US Postal Mail. Exhibit A. Plaintiff acknowledges receiving the letter six days later. Complaint at 8. The existence of this right to appeal with the Zoning Board is fatal to any procedural due process claim. Likewise, the Zoning Board of Appeals' decision is subject to judicial review under the Massachusetts Administrative Procedures Act, M.G.L. c. 30A, § 14(7)(a) (a reviewing court may set aside or modify an agency decision found "in violation of constitutional provisions. . . ."). See Lowe v. Scott, 959 F.2d 323, 340 (1st Cir. 1992) ("if a state provides adequate post-deprivation remedies—either by statute or through the common-law tort remedies available in its courts—no claim of a violation of procedural due process can be brought under § 1983."); Cook v. Darrin, 1996 WL 467321, at *2 (D. Mass. Aug. 16, 1996) ("[T]he availability of plainly adequate remedies under Massachusetts common law defeats the possibility of a procedural due process claim under § 1983"). That relief under the available

alternative remedies may be delayed, or that damages may be unavailable, does not render them constitutionally inadequate. See Licari v. Ferruzzi, 22 F.3d 344, 348 (1st Cir. 1994). These available, alternative remedies require dismissal of plaintiffs' due process claim.

> 2. *Plaintiff Fails to Allege a Substantive Due Process Violation.*

The substantive component of the Due Process Clause "safeguards individuals against certain offensive government actions, notwithstanding that facially fair procedures are used to implement them." DePoutot v. Raffaelly, 424 F.3d 112, 118 (1st Cir. 2005). Violations of substantive due process require a showing "*both* that the acts were so egregious as to shock the conscience *and* that they deprived [plaintiff] of a protected interest in life, liberty, or property." Harron v. Town of Franklin, 660 F.3d 531, 535-36 (1st Cir. 2011) (emphasis in original) (quotation omitted). While courts have not adopted a precise formula for determining whether municipal acts (such as those by the Easton defendants) "shock the conscience," the First Circuit has held that such acts must be "truly outrageous, uncivilized and intolerable. . . ." Hasenfus v. LaJeunesse, 175 F.3d 68, 72 (1st Cir. 1999). With particular relevance here, the First Circuit has stated: "[t]he substantive due process doctrine may not, in the ordinary course, be invoked to challenge discretionary permitting or licensing determinations of state or local decisionmakers, whether those decisions are right or wrong." Pagán v. Calderon, 448 F.3d 16, 33 (1st Cir. 2006). See Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d 134, 145 (1st Cir. 2016) (substantive due process "is not a doctrine to be invoked to challenge discretionary determinations of local decision makers"); PFZ Properties, Inc. v. Rodriquez, 928 F.2d 28, 31 (1st Cir. 1991) (state officials' alleged violations of state law and administrative procedures do not implicate substantive due process); Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 RF.2d 32, 37 (1st Cir. 1992) (even assuming "that the denial of the permits was made in bad faith and for

improper reasons . . . is not enough to raise a federal claim").

In Harron, a crack-down by local police eventually culminated in a raid on the plaintiff's tavern. Thereafter, at the urging of the police chief, town officials refused to transfer a liquor license to the plaintiff or to issue him a new liquor license, all without benefit of a hearing. The tavern went out of business. See Harron, 660 F.3d at 534. Taking these facts as true, the First Circuit affirmed the dismissal of plaintiff's substantive due process claim under Rule 12(b)(6). The First Circuit held that the town officials' executive actions did not rise to the conscience-shocking level, "particularly in light of the government interest in enforcing the Town's liquor licensing laws …." Id., at 536.

"The due process clause may not ordinarily be used to involve federal courts in the rights and wrongs of local planning disputes" because "[i]n the vast majority of instances, local and state agencies and courts are closer to the situation and better equipped to provide relief." *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 45 (1st Cir. 1992). The First Circuit has only "left the door slightly ajar for federal relief in truly horrendous situations." *Id*. The applicable standard is that the abuse of power must "shock[] the conscience" and violate the "decencies of civilized conduct." *Id.* (quoting *Rochin v. California*, 342 U.S. 165, 172–73 (1952)). "[I]n order to shock the conscience, conduct must at the very least be extreme and outrageous, or, put another way, truly outrageous, uncivilized, and intolerable." *Pagan*, 448 F.3d at 32.

Plaintiff has not alleged facts that "shock the conscience" in her complaint, therefore she cannot establish a substantive due process violation.  The issuance of a stop work order for legitimate reasons (plaintiff's violation of a special historical permit), does not come close to

approaching a deprivation of her substantive due process rights. Even assuming all facts alleged in her complaint are true, there is nothing here that "shocks the conscience".

### 3. *Plaintiff Fails to Allege an Equal Protection Violation.*

At the outset, Plaintiff's complaint does not even allege that she was treated unequally. There are no allegations that the Easton Defendants selectively enforced any laws against her. As the plaintiff does not "allege membership in a protected class, [she is] left to proceed under a 'class-of-one' theory." McGunigle v. City of Quincy, 944 F. Supp. 2d 113, 120 (D. Mass. 2013) (Tauro, J.). "'[I]ndividual inequalities, as opposed to ones imposed generically, are potentially—although not easily—reached by so-called "class of one" discrimination claims.'" Boyle v. Barnstable Police Dept., 818 F. Supp. 2d 284, 314 (D. Mass. 2011) (Bowler, M.J.) (quoting Rectrix Aerodrome Centers, Inc. v. Barnstable Mun. Airport Comn., 610 F.3d 8, 15 (1st Cir. 2010)). A so-called class-of-one claim "requires a showing that the plaintiff has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. (quotation omitted). "Determining whether two or more individuals or entities are similarly situated entails asking whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." Id. (quotation omitted). The burden is on the class-of-one plaintiff "to show such identity of entities and circumstances to a high degree." Middleborough Veterans' Outreach Ctr., Inc. v. Provencher, 502 Fed. App'x 8, 11 (1st Cir. 2013). Thus, a plaintiff must "identify and relate *specific instances* where persons *situated similarly in all relevant aspects* were treated differently, instances which have the capacity to demonstrate that [plaintiffs] were singled … out for unlawful oppression." Buchanan v. Maine, 469 F.3d 158, 178 (1st Cir. 2006) (citations omitted) (emphasis in original). In Cordi-Allen v. Conlon, 494 F.3d 245 (1st Cir. 2007), the First

Circuit cautioned that a class-of-one suit serves "an important but relatively narrow function. It is not a vehicle for federalizing run-of-the-mine zoning, environmental and licensing decisions." Id., at 255 (equal protection claim failed where plaintiff could not show comparator project was similar in all relevant aspects).

Plaintiff has not alleged any similarly situated individual who was not treated in a similar way to her. Plaintiff has not identified any similar comparator, much less described his or her circumstances. No factual details are provided regarding any comparators, how they were treated by the Easton Defendants, whether the Town held public hearing(s), and how the Planning Board treated them. The absence of such specific examples of disparate treatment fails to meet plaintiff's burden. See, e.g., Cordi-Allen, 494 F.3d at 251. Nor has the plaintiff shown there was no rational basis for such disparate treatment. Absent such a showing, plaintiff cannot support an equal protection claim. See Najas Realty, 821 F.3d at 144 (developer's identification of ten other subdivisions or land use projects in town held insufficient to support a class-of-one claim absent details regarding location of the projects, when they were built and their proximity to water sources).

    4. *The Individual Easton Defendants are Entitled to Qualified Immunity.*

Under federal law, "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity, which is a question of law, is an issue that is appropriately decided by the court during the early stages of the proceedings and should not be decided by the jury." Tatro v. Kervin, 41 F.3d 9, 15 (1st Cir. 1994). "Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." Davis v. Scherer, 468

U.S. 183, 194 (1984). "[A] defense of qualified immunity may not be rebutted by evidence that the defendant's conduct was malicious or otherwise improperly motivated. Evidence concerning the defendant's subjective intent is simply irrelevant to that defense." Crawford-El v. Britton, 523 U.S. 574, 588 (1998). "If State officials were held personally liable for damages every time regulations that they issued or enforced pursuant to statute were found to violate the Federal Constitution, only the most fearless among them would dare to fulfil their duties." O'Malley v. Sherriff of Worcester Cty., 415 Mass. 132, 144 (1993). The First Circuit applies a two-prong analysis in determining whether a defendant is entitled to qualified immunity: "(1) whether the facts alleged ... by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right at issue was 'clearly established' at the time of the defendant's alleged violation." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009). As an initial matter, each individual Easton defendant is entitled to qualified immunity because, for all the reasons outlined above, there were no constitutional violations attendant to the conduct complained of by the plaintiff.

Moreover, the First Circuit has made clear that "[t]he substantive due process doctrine may not, in the ordinary course, be invoked to challenge discretionary permitting or licensing determinations of state or local decisionmakers, whether those decisions are right or wrong." Pagán, 448 F.3d at 33. Simply stated, plaintiffs' due process claims were not "clearly established."

Plaintiff's equal protection claim was not clearly established. As noted above, plaintiff has failed to meaningfully identify her comparators in all relevant aspects. The failure to do so precludes liability in a class-of-one claim. See Cordi-Allen, 494 F.3d at 255. It follows that such right, then, was not clearly established for the purposes of avoiding qualified immunity.

11

V.     **CONCLUSION**

For the reasons set forth above, the Easton defendants respectfully request that this Honorable Court dismiss all counts of plaintiff's Complaint against them.

>
> Respectfully submitted,
>
> The Defendants,
> GREGORY STRANGE, FRANK CARIDI, the Town of Easton, Massachusetts, et al.
> By their Attorneys,
>
> */s/ Steven Sroczynski*
> _____
> Jason Crotty, BBO #656313
> Steven Sroczynski, BBO #680387
> PIERCE DAVIS & PERRITANO LLP
> 10 Post Office Square, Suite 1100N
> Boston, MA  02109
> (617) 350-0950
> ssroczynski@piercedavis.com

Dated:  September 4, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on September 4, 2024

>
> */s/ Steven Sroczynski*
> _____
> Steven Sroczynski, Esq.