UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIMEE L KINGSTON,<br><br>    *Plaintiff,*<br><br>v.<br><br>GREGORY STRANGE,<br>FRANK CARIDI, STEPHANIE DANIELSON,<br>KEVIN GREINER, CONNOR READ,<br>DOTTIE FULGINITI, PETER DESCHENES,<br>ROBERT STETSON, CHRISTOPHER<br>ANDERSON, CHRISTOPHER ANDERSON,<br>and AMOS KEDDEM,<br><br>    *Defendants.* | No. 24-cv-12021-DJC |

### ORDER ON DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS

LEVENSON, U.S.M.J.

### INTRODUCTION

Before the Court is Defendants' motion to quash Plaintiff's second set of requests for admissions ("RFAs"). Docket No. 74. Plaintiff filed an opposition on November 9, 2025. Docket No. 75.

Upon consideration of the parties' submissions, I deny the motion to quash for the reasons below.

**I.   Background**

This action arises from Plaintiff's renovation of a historic property in Easton, Massachusetts, for which a town building inspector issued a stop-work order in 2022. Docket

No. 1. In her original complaint, Plaintiff alleged multiple violations of her constitutional rights in connection with the stop-work order and its aftermath. *Id.* The Court subsequently dismissed various claims and defendants, such that only the procedural due process claim as to the individual Defendants survives. Docket No. 53. The remaining Defendants are eleven individuals, all of whom hold or held various roles within the town of Easton's Planning and Zoning Board, Select Board, Building Department, Inspectional Services, Planning and Economic Development, or Department of Town Administrator. Docket No. 53 at 6–8.

## II.     Legal Standard

As a general matter, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either . . . ." Federal Rules of Civil Procedure 36. Local Rule 26.1 provides some initial guide rails regarding RFAs, limiting the number of discovery events to "25 requests for admissions" for each side. If a party seeks to challenge RFAs served on them, Fed. R. Civ. P. 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order . . . ." Fed. R. Civ. P. 26(c)(1) further provides that the Court, for good cause shown, may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include "forbidding the disclosure or discovery" or otherwise limiting or structuring it. Fed. R. Civ. P. 26(c)(1)(A)–(H).

## III.    Defendants' Reading of Local Rule 26.1(c) is Untenable

Defendants object to the number of RFAs that Plaintiff has propounded. Docket No. 74 at 2–3. Defendants argue that although Plaintiff has propounded only seven RFAs, each RFA should be counted separately for each of the eleven Defendants. By this logic, Defendants

contend that Plaintiff's seven RFAs amount to seventy-seven RFAs—which exceeds the twenty-five RFA limitation in the Local Rules of this Court.

Defendants ground their motion in Local Rule 26.1(c), which states: "[u]nless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production." LR 26.1(c).

The rule does not detail the method to be used in counting RFAs that are propounded to multiple opposing parties, and the parties have not pointed the Court to any controlling guidance on this point. As a matter of common sense, however, Defendants' method of re-counting the same RFA for every party is unworkable. By Defendants' logic, a plaintiff who faced twenty-five defendants would be permitted to serve only one interrogatory and one RFA. The unlucky party who litigates against twenty-six or more opponents would require leave of Court to serve any interrogatories or RFAs at all.

In the circumstances of this case, it makes more sense to count each distinct request that Plaintiff served on Defendants as a single RFA, regardless of how many individual Defendants are called upon to answer. Alternatively, I hereby allow Plaintiff permission to serve the seven (or seventy-seven) RFAs at issue here.

Accordingly, Defendant's motion to quash is **DENIED**.

## IV.     Plaintiff's Opposition Memorandum

### A.     *Length of Opposition Memoranda Under Rule 7*

In her opposition memorandum, Plaintiff briefly touches on the motion to quash but mostly focuses—at considerable length—on what Plaintiff calls a "pattern of procedural obstruction, evidentiary withholding, and coordinated municipal misconduct." Docket No. 75 at 1.

At forty-three pages, Plaintiff's submission violates Local Rule 7.1(b)(4), which requires leave of Court for filings in excess of twenty pages. Although Plaintiff is proceeding pro se, she is nonetheless required to follow the rules of this Court. In the future, pleadings of excessive length may be stricken.

### B.   *Request for Sanctions*

Also in her opposition memorandum, Plaintiff requests that the Court order sanctions against Defendants for "failure to preserve and produce discoverable information" (Docket No. 75 at 3), "for obstructive tactics and failure to comply with discovery obligations" (*id.* at 17), and "for certifying defenses not warranted by the evidence and for engaging in obstructive litigation conduct" (*id.* at 39).

A memorandum in opposition to a motion is not the proper vehicle to raise new discovery issues. Accordingly, to the extent that Plaintiff seeks relief that is unconnected with the motion that is before the Court (Defendants' motion to quash), such requests are denied without prejudice.

To the extent that Plaintiff requests sanctions in response to Defendants' motion to quash, the request is denied. Although sanctions are sometimes imposed for frivolous or improper pleadings (*see* Fed. R. Civ. P. 11), that is the exception, not the rule. Although Defendants' reading of Local Rule 26.1 regarding limits on the number of RFAs is not persuasive, it is rooted in the wording of the rule and cannot be deemed so frivolous as to warrant sanctions.

Accordingly, Plaintiff's request for sanctions under Fed. R. Civ. P. 11(c)(1) is **DENIED**.

### C.   *Additional Requests*

Included in Plaintiff's opposition to the motion to quash are several additional requests for relief. *See* Docket No. 75 at 3–4; 15–16; 17; 39; 42. Except for the sanctions mentioned above, none of these requests for relief are related to the pending motion. Many of Plaintiff's

requests appear to be premature or otherwise unmoored from the Federal Rules of Civil Procedure. Without prejudice to any motions that may ultimately be filed, none of the relief that Plaintiff requests will be granted in connection with the present motion.

CONCLUSION

For the forgoing reasons, Defendants' Motion to Quash Plaintiff's Second Set of Requests for Admissions (Docket No. 74) is **DENIED**.

Each party to bear its own costs.[1]

                                                               /s/ Paul G. Levenson
                                                               Paul G. Levenson
                                                               U.S. MAGISTRATE JUDGE

Dated: November 26, 2025

---

[1] The parties are advised that under Federal Rule of Civil Procedure 72(a) or Federal Rule of Criminal Procedure 59(a), and under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).