UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIMEE L KINGSTON,<br><br>    *Plaintiff,*<br><br>v.<br><br>GREGORY STRANGE, FRANK CARIDI, KEVIN GRENIER, STEPHANIE DANIELSON, CONNOR READ, DOTTIE FULGINITI, PETER DESCHENES, ROBERT STETSON, CHRISTOPHER ANDERSON, DEBORAH BALCAREK, and AMOS KEDDEM,<br><br>    *Defendants.* | No. 24-cv-12021-DJC |

## **PROCEDURAL ORDER**

LEVENSON, U.S.M.J.

    Treating the email request of Ms. Kingston (Docket No. 93) as a motion for clarification, the Court notes as follows:

**I.    Pending Sanctions Motion**

    The Court will rule on the Motion for Sanctions (Docket No. 83) in due course—no further briefing or hearing is anticipated, and no postponement has been ordered. Plaintiff has already raised Federal Rule of Civil Procedure 11 as a proposed basis for sanctions and the Court will address it as appropriate. No further submission is required in that regard. If the Court determines that oral argument on any motion is appropriate, the parties will be notified.

**II.     Reply Briefs**

Plaintiff's Reply Brief (Docket No. 89) is before the Court and will be considered in connection with Plaintiff's motion for sanctions.

In the future, pursuant to Local Rule 7.1(b)(3) of the United States District Court for the District of Massachusetts, the parties shall seek leave of Court before filing any reply brief.[1]

**III.    Additional Discovery Issues**

- No further submissions are required, or expected, with respect to any of the discovery issues that parties discussed at the February 19, 2026, status conference. The Court heard from the parties regarding pending discovery issues and has set a schedule for compliance.

- For any discovery issues that arise in the future, the parties are instructed to contact the Deputy Clerk, Alexandra. Traganos, to arrange for a supervised conference (Local Rule 37.1 conference), prior to filing any *future* discovery related motions.

- A wide range of discovery issues may be raised before the court during a discovery conference, and matters discussed are part of the record that the Court considers when setting schedules and ruling on motions.

- The Court did not address any request for accommodation, except to note that arrangements can be made to permit Plaintiff to bring an electronic device (i.e. cell phone, laptop) into the Courthouse for hearings. That request may be made by email to the Deputy Clerk.

---

[1] This requirement does not apply to replies filed in connection with a motion for summary judgment. *See* Local Rule 56.1.

    At the status conference, the Court noted that the parties should arrange a deposition schedule that permits Plaintiff to take breaks or otherwise proceed in multiple days. Other than that recommendation, it is for the parties to work out timing, in accordance with the schedule ordered by the Court. Pursuant to the discovery order issued by the Court following the status conference (Docket No. 92), Plaintiff's deposition must be completed by Close of Business **Friday, March 20, 2026.**

- The standards the Court will apply to consideration of discovery disputes are based on the Federal Rules of Civil Procedure, the Local Rules of the Court, and associated case law.

### IV. Responses to Requests for Production of Documents:

The parties are instructed to provide copies of responsive documents to the opposing part(ies). Factual assertions at issue in the case may be addressed in depositions, narrowed requests for admissions, or other discovery methods. The mode and manner of production are generally dictated by the Federal Rules of Civil Procedure.

    SO ORDERED.[2]

                                              /s/ Paul G. Levenson  
                                              Paul G. Levenson  
                                              U.S. MAGISTRATE JUDGE

Dated: February 25, 2026

---

[2] The parties are advised that under Federal Rule of Civil Procedure 72(a) or Federal Rule of Criminal Procedure 59(a), and under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).