UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AIMEE KINGSTON,

　　　*Plaintiff,*

v.

GREGORY STRANGE, FRANK CARIDI,
KEVIN GREINER, STEPHANIE
DANIELSON, CONNOR READ, DOTTIE
FULGINITI, PETER DESCHENES, ROBERT
STETSON, CHRISTOPHER ANDERSON,
DEBORAH BALCAREK, and AMOS
KEDDEM,

　　　*Defendants.*

No. 24-cv-12021-DJC

## ORDER ON MOTION FOR SANCTIONS

LEVENSON, U.S.M.J.

### INTRODUCTION

Before the Court is pro se Plaintiff Aimee Kingston's "Motion for Sanctions Under Rule 11 and Rule 37(c)". Docket No. 83. Defendants have filed an opposition (Docket No. 84), and Plaintiff has filed a reply[1] (Docket No. 89). In the motion, Plaintiff asserts that Defendants have submitted contradictory, incomplete, and unsigned responses to her discovery requests, and she seeks sanctions under Federal Rules of Civil Procedure 11 and 37.

Upon consideration of the parties' submissions, I deny the motion for sanctions for the reasons stated below.

---

[1] Plaintiff did not obtain leave of court before filing her reply, as required by Local Rule 7.1(b)(3) of the United States District Court for the District of Massachusetts. In this instance, I have overlooked this procedural misstep, based on Plaintiff's pro se status.

## I.    Background

On August 6, 2024, Plaintiff brought claims against the Town of Easton, six of the town's planning boards and departments, and eleven individuals. Docket No. 1 at 7–9.[2] The individuals all had worked or volunteered for the town in some capacity and are alleged to have had some connection to a stop work order that the town building inspector issued in connection with Plaintiff's renovation of a residential duplex in Easton, Massachusetts. *Id.* In her complaint, Plaintiff alleges that defendants violated her constitutional rights in connection with the cessation of her project. *Id.* On June 16, 2025, the Court allowed a motion to dismiss the Town of Easton and its boards and departments. Docket No. 53. The Court also dismissed several of Plaintiff's claims, which narrowed the case to a single remaining claim of procedural due process, brought against the eleven individual defendants. *Id.* Fact discovery was slated to be completed by January 30, 2026. Docket No. 59.

I conducted a status conference on February 19, 2026, and discovery is ongoing. Docket No. 90. Plaintiff has propounded interrogatories and requests for admissions (RFAs) upon Defendants, which Defendants have responded to. As discussed below, Plaintiff disputes the adequacy of Defendants' responses and seeks sanctions in that connection. Docket No. 84 at 1. At the status conference, Defendants reported that they have propounded document production requests upon Plaintiff, which she has largely objected to, and interrogatories, which Plaintiff has not responded to. *See* Docket No. 90. Defendants also reported that Plaintiff has twice failed to appear for a duly noted deposition. *Id.*

Plaintiff represents that on December 19, 2025, she sent a "safe harbor letter" (as

---

[2] References to page numbers in the filings refer to the ECF-generated page numbers at the top of each page.

contemplated by Rule 11(c)(1)–(2), *see Triantos v. Guaetta & Benson, LLC*, 91 F.4th 556, 561 (1st Cir. 2024)), notifying Defendants of various purported deficiencies and contradictions within their discovery responses, and demanding that Defendants amend their answer and discovery responses. Docket No. 83-2 at 1–6. On February 6, 2026, Plaintiff filed the motion for sanctions. Docket No. 83.

Following the February 19, 2026, status conference, the Court ordered the parties to respond to various outstanding discovery requests and to complete Plaintiff's deposition no later than March 20, 2026. Docket No. 92.

## II.    Plaintiff's Motion for Sanctions

In her present motion, Plaintiff seeks sanctions against Defendants on the basis that Defendants have provided "contradictions, false denials, incomplete interrogatory responses, and discovery defects" and that Defendants have been alerted to these purported deficiencies but have declined to correct or supplement their discovery. Docket No. 83 at 1. Plaintiff seeks draconian relief for the claimed defects in Defendants' submissions. She asks that various facts and legal contentions be deemed admitted, that certain of Defendants' enumerated defenses be stricken, and that Defendants be subjected to a default judgment. Specifically, Plaintiff seeks the following sanctions:

      A. Deem Plaintiff's Second RFA items #2 and RFA #3 admitted under Rule 37(c)(2).

      B. Strike Exhibit CC as noncompliant under Rule 33(b)(5).

      C. Strike Defendants' 4th, 5th, 6th, and 12th defenses.

      D. Award Plaintiff her fees and costs under Rule 11 and 37(c)(1)(A).

      E. Establish facts as true, strike pleadings, and enter default judgment against Defendants under Rule 37(b)(2)(A).

Docket No. 83 at 5–6.

### III.    Legal Standard

Plaintiff invokes Rule 11 and seeks sanctions broadly. Given, however, that her motion

centers on discovery disputes, the relevant sanctions provisions are the fee-shifting provisions in

Rule 37.

Rule 37 lays out "a veritable arsenal of sanctions" for failures to comply with discovery

obligations, such as failure to comply with a court order, failure to disclose, to supplement an

earlier response, or to admit undisputed facts. *See Crispin-Taveras v. Municipality of Carolina*,

647 F.3d 1, 7 (1st Cir. 2011) (quoting *Malot v. Dorado Beach Cottages Assocs.,* 478 F.3d 40, 44

(1st Cir. 2007)); Fed. R. Civ. P. 37. The Court exercises broad discretion with respect to

sanctions and should weigh factors such as "the severity of the discovery violations, legitimacy

of the party's excuse for failing to comply, repetition of violations, deliberateness of the

misconduct, mitigating excuses, prejudice to the other party and to the operations of the court,

and adequacy of lesser sanctions." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st

Cir. 2015). "[T]he goal of a sanction is both to penalize wrongful conduct and to deter future

similar conduct by the particular party and others 'who might be tempted to such conduct in the

absence of such a deterrent.'" *Companion Health Servs., Inc. v. Kurtz*, 675 F.3d 75, 84 (1st Cir.

2012) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

### IV.    Analysis

Plaintiff's motion is over-long and difficult to parse. It is evident that she is frustrated

that, at the close of discovery, Defendants continue to maintain their defenses. Plaintiff is

misguided, however, in assuming that key questions of law and fact at issue in this case can

somehow be prematurely resolved at this stage of the case, and in assuming that Defendants can

or should be sanctioned for sticking to positions which Plaintiff disagrees with. I briefly address each of the sanctions she requests.

### A.    Sanctions Under Rule 11

Plaintiff argues that Defendants' discovery responses lack evidentiary support and thus violate Fed. R. Civ. P. 11(b). Docket No. 83-1 at 28.

To the extent that Plaintiff requests sanctions based on Defendants' responses to her interrogatories and RFAs, Rule 11 is not an available vehicle for relief. On the contrary, Rule 11 explicitly excludes discovery disputes from its reach. *See* Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."). No Rule 11 sanction will be imposed.

### B.    Sanctions and Fee-Shifting under Rule 37

#### 1.    Defendants' Responses to RFA Item #2 and RFA #3

Plaintiff alleges that Defendants' denials of two of Plaintiff's RFAs are unreasonable and lack evidentiary support, warranting sanctions.[3] Docket 83-1 at 29..

Plaintiff asked all individual Defendants to admit the following:

> (2) ADMIT that The Plaintiff's property was always a duplex and as such, the Town of Easton provided a grandfathered special use zoning permit when the Town's zoning changed the area to an R1 zoning for single family homes. Since that time, the property has never abandoned its use as a duplex.

> (3) ADMIT that this was known, or should have been known, by all Defendants and all Defendants fraudulently misrepresented requirements to achieve provisions for the development of the property that the Town of Easton, nor its citizenry, were entitled to force upon the Plaintiff or the current property owner.

---

[3] Rule 37(c)(2) states, in relevant part, that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party *later proves . . . the matter true*, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2) (emphasis added).

Docket No. 83-7 at 2–3.

All Defendants denied both of these RFAs. *Id.* at 10–14.

There are two critical flaws in Plaintiff's contention that Defendants' denials warrant sanctions. First, Plaintiff is putting the cart before the horse by asserting that her positions regarding these matters have been proven to be true. *See A & V Fishing, Inc. v. Home Ins. Co.*, 145 F.R.D. 285, 288, 288 n.1 (D. Mass. 1993) (denying motion for sanctions because remedy is to be "invoked only after the requesting party has made its proof" and noting that the rule is intended to provide posttrial relief). At this stage of the case, Plaintiff's proffered "proof" includes a few email chains, coupled with her reading of the town's bylaws. To award sanctions based on a determination that such matters are true at this stage would be deciding the case prematurely.

Second, even if Plaintiff ultimately prevails in this case, she has promulgated compound, sweeping requests for admission that may be impossible to establish as unambiguously true, as Rule 37(c)(2) requires. In the context of land use regulation there are a variety of legal and factual predicates for the "grandfathering" of non-conforming uses. In the same vein, regulatory requirements for approval of building projects are manifold. Plaintiff's broadly worded requests intertwine legal and factual contentions in such a manner that it is doubtful whether the requests for admission at issue are even susceptible of an incontrovertible "yes/no" answer; statements about legal rights and duties in a particular context are commonly subject to differing interpretations. *See Joseph v. Fratar*, 197 F.R.D. 20, 22 (D. Mass. 2000) (noting that RFAs are crude tools not intended for factual discovery because parties in litigation believe different things and interpret words and events differently).

Accordingly, I DENY sanctions under Rule 37(c)(2) in connection with the RFAs.

6

>    2.    *Plaintiff's Request to Strike Exhibit CC*

Plaintiff alleges that Defendant Kevin Greiner's response to Plaintiff's First Set of

Interrogatories omitted information and was unsigned in violation of Rule 33(b)(5).[4] *See* Docket

No. 83 at 3; Docket No. 83-1 at 29.

>    a.    Responsive Material Omitted

Plaintiff's Interrogatory No. 1 asked:

> Please list all written and verbal communication with any person, in any way concerning the complaint of an alleged violation and the decision to Issue the Violation dated 08/31/2022. This shall include all complaints alleging zoning violations, emails and phone calls leading to the issuance of the violation.

Docket No. 75-1 at 2.[5] In his response, Defendant Gregory Strange listed an email exchange

between himself and Defendant Greiner regarding the stop work order, and he attached the

email. *See* Docket No 75-1 at 2, 5. For Defendant Greiner's part, his response stated only "I

spoke with [the developer] about the property needing to be fenced in and the violation of the

permit." *See* Docket No. 75-3 at 2. Defendant Greiner did not reference or attach the email

exchange between himself and Defendant Strange. *Id.* Plaintiff seeks sanctions on the ground

that Defendant Greiner's response should have attached a copy of the same email that Defendant

Strange attached to his response. *See* Docket No. 83-1 at 22 ("Although *Exhibit CC* [] purports to

---

[4] The potentially applicable subparts are Rule 33(b)(3), which provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and Rule 33(b)(5), which provides "[t]he person who makes the answers must sign them."

[5] Plaintiff does not attach the interrogatory responses to her motion, instead, she references a previous filing which attached six of the eleven Defendants' interrogatory responses. See Docket No. 75-1 (Defendant Gregory Strange), 75-3 (Defendant Kevin Greiner), 75-4 (Defendant Stephanie Danielson), 75-5 (Defendant Connor Read), 75-6 (Defendant Frank Caridi), 75-7 (Defendant Dottie Fulginiti). At times, these documents are referenced by "Exhibit" followed by letters.

be an individualized interrogatory response from Defendant Greiner, it omits the August 30, 2022 email he appears to have authored and that was contained in *Exhibit AA . . . .*").

During the February 19, 2026, status conference, Defendants' counsel represented that he had contacted each Defendant and had asked them to search their email accounts and recollections for responsive materials. He noted that several Defendants were former volunteers or were employees who no longer worked for the Town of Easton.

It is not unusual that clarifications or follow-ups may be required to complete the discovery record, and there is nothing here to suggest skullduggery or gross neglect. Nor is there any non-frivolous claim of prejudice: Plaintiff received the email at issue, she just didn't get copies from both sender and recipient. Given that Plaintiff has already received the email in question, there is no real need for Defendant Greiner to supplement his response.

b.      Signature Required Under Rule 33(b)(5)

Plaintiff further contends that Defendant Greiner's response to Interrogatory No. 1 is unsigned and unverified. Docket 83 at 3. In this, Plaintiff is mistaken. A review of the response at issue reveals an electronic signature, as noted with a "/s/" and the Defendant's typed name. Docket 75-3 at 3. Rule 33(b)(5) does indeed require that "[t]he person who makes the answers must sign them," but it does not specify that a "wet" or holographic signature is required. Fed. R. Civ. P. 33(b)(5). The electronic signature is sufficient. *See Hamdi Halal Mkt. LLC v. United States*, 947 F. Supp. 2d 159, 164 (D. Mass. 2013) ("Both federal case law and statutes clearly indicate that a typed name on an electronic document suffices as a signature."); *see also Goings v. Brookman*, 2022 WL 3868074, at *2 (S.D. Ill. Aug. 30, 2022), *objections overruled*, 2022 WL 15460129 (S.D. Ill. Oct. 27, 2022) (finding electronic signatures on interrogatory answers sufficient, noting "electronic signatures are common practice, promote efficiency, and regularly honored by courts") (collecting cases).

8

There is, in short, no apparent violation of Rule 33 and no basis for sanctions. On the contrary, Plaintiff's request is frivolous. The request to strike Defendant Greiner's discovery response is DENIED.

### 3.    Plaintiff's Request to Strike Defenses and Award Fees and Costs

Plaintiff argues that Defendants' failure to supplement or correct their discovery responses warrants sanctions under Rule 37(c)(1)(A).[6] Plaintiff points to Defendants' responses to Interrogatory No. 1 as an example of the type of incomplete answers that she contends warrant sanctions. Docket No. 83-1 at 14. Interrogatory No. 1 asked:

> Please list all written and verbal communication with any person, in any way concerning the complaint of an alleged violation and the decision to Issue the Violation dated 08/31/2022. This shall include all complaints alleging zoning violations, emails and phone calls leading to the issuance of the violation.

Docket No. 75-1 at 2. Defendants each submitted an answer, with varying levels of detail, recounting emails or oral conversations they each recalled.[7]

In her motion, Plaintiff complains that "each Defendant disclaimed responsibility for the enforcement decision, yet none identified who issued the SWO [stop work order], who authorized it, or who bypassed the regulatory procedures required. . . ." Docket No. 83-1 at 14.

---

[6] Rule 37(c)(1)(A) provides, in relevant part, that if a party fails to provide information required by Rule 26(a) or (e), the information may be excluded from evidence, or Court may order payment of expenses, including attorney's fees, caused by the failure, or other sanctions. Fed. R. Civ. P. 37.

As a triggering rule for Rule 37(c)(1), Rule 26(e) requires that a party supplement or correct its discovery response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26.

[7] Plaintiff does not attach the interrogatory responses to her motion, instead, she references a previous filing which attached six of the eleven Defendants' interrogatory responses. *See* Docket No. 75-1 (Defendant Gregory Strange), 75-3 (Defendant Kevin Greiner), 75-4 (Defendant Stephanie Danielson), 75-5 (Defendant Connor Read), 75-6 (Defendant Frank Caridi), 75-7 (Defendant Dottie Fulginiti).

This, Plaintiff contends, was somehow improper.

It is unremarkable—and certainly not sanctionable—that no particular Defendant stepped forward to claim responsibility for the enforcement decision, identify who authorized the stop work order, or otherwise discuss regulatory procedures. That is not what the interrogatory asked. Furthermore, merely sending a letter expressing dissatisfaction with an interrogatory answer does not obligate opposing parties to clarify or supplement their responses beyond the ambit of the pending discovery request. Defendants plainly do not agree with Plaintiff's view of the case— and vice versa. But that's what dispositive motions and trials are for. Attempting to pre-decide such issues during the discovery phase would be cumbersome and unworkable.

To the extent that Plaintiff wishes to obtain additional information, as I suggested during the February 19, 2026, status conference, other discovery mechanisms may be better suited to ascertaining the information that Plaintiff seeks.

Plaintiff also contends that more email should have been produced. At the February 19, 2026, status conference, Plaintiff explained her reasoning: She argued that because there were three other people cc'd on the email, it is reasonable to surmise that one or more of them might have written something in response. As noted above, Defendants' counsel has represented to the Court that he requested of each Defendant that they provide all relevant emails and that he has produced the emails that were disclosed. Apart from Plaintiff's speculation that additional recipients *might* have added responses, there is no reason to doubt counsel's representation.

Plaintiff has not made a sufficient showing that any additional emails exist. Thus, there is no foundation for finding fault with Defendants' discovery efforts in this regard, let alone for imposing a sanction. Still less is there any basis for imposing the drastic sanction—striking pleadings in whole or in part—that Plaintiff requests.

Plaintiff's request for sanctions in connection Defendants' interrogatory answers and email production is DENIED.

### 4.    *Plaintiff's Request for Entry of Default Judgment*

Plaintiff requests entry of a default judgment under Rule 37(b), for Failure to Comply with a Court Order and Rule 37(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit. Docket 83-1 at 30. A sanction of default judgment is "a drastic sanction that should be employed only in an extreme situation." *Luis C. Forteza e Hijos, Inc. v. Mills*, 534 F.2d 415, 419 (1st Cir. 1976). The only arguable discovery violation established in this case boils down to the omission of one email (which was in fact produced to Plaintiff) from one interrogatory response. This does not warrant any sanction, let alone the extreme sanction that Plaintiff seeks.

CONCLUSION

For the forgoing reasons, Plaintiff's motion for sanctions is DENIED.[8] The Court declines to award fees or costs to either party in connection with the minor bit of housekeeping achieved through Plaintiff's motion.

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: March 18, 2026

---

[8] The parties are advised that under Federal Rule of Civil Procedure 72(a) or Federal Rule of Criminal Procedure 59(a), and under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).

12