UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIMEE KINGSTON,<br><br>    *Plaintiff,*<br><br>v.<br><br>GREGORY STRANGE, FRANK CARIDI, KEVIN GREINER, STEPHANIE DANIELSON, CONNOR READ, DOTTIE FULGINITI, PETER DESCHENES, ROBERT STETSON, CHRISTOPHER ANDERSON, DEBORAH BALCAREK, and AMOS KEDDEM,<br><br>    *Defendants.* | No. 24-cv-12021-DJC |

## ORDER ON MOTION FOR CONTEMPT

LEVENSON, U.S.M.J.

### INTRODUCTION

Before the Court is pro se Plaintiff Aimee Kingston's "Motion for Contempt and to Enforce the Court's February 20, 2026 Order." Docket No. 104. Although it is styled as a "Motion for Contempt," the motion is a transparent attempt to delay Plaintiff's current (long-overdue) discovery obligations.

In her motion, Plaintiff asserts that Defendants failed to comply adequately with the Court's Order of February 20, 2026 (the "February Order"). *Id.* at 1. The motion ignores that the Court has already heard from the parties regarding the failure to complete discovery in accordance with the schedule set forth in the February Order, and has issued a subsequent order, dated March 20, 2026 (the March Order"), which sets a revised schedule for completion of discovery. *See* Docket Nos. 101, 102.

At a status conference on March 20, 2026, I heard from the parties regarding the evident failure to complete discovery—including the deposition of Plaintiff—in accordance with the February Order. At the March conference, I reviewed in detail the provisions of Fed. R. Civ. P. 37(b), regarding sanctions for failure to obey the Court's discovery orders. Having warned Plaintiff, at some length, about the consequences of violating a discovery order, I made clear that the central priority in this case was to complete discovery expeditiously—and to avoid pointless motion practice. Apart from ordering Plaintiff to pay Defendants' court-reporter costs for failing to appear for a noticed deposition, I did not impose sanctions at the March conference. Instead, I put in place a further scheduling order, in hopes that my explicit warning would persuade Plaintiff to comply with her discovery obligations.

Plaintiff's most recent filing suggests that Plaintiff may be intent on further delaying the completion of discovery and ducking her discovery obligations. Indeed, the "relief" she requests in her present motion is to stall the deposition schedule in the March Order.

The Court has already had occasion once to remind Plaintiff that the March Order remains in place. *See* Docket No. 103. Plaintiff's quibbles about Defendants' purported failings with respect to the February Order are frivolous—particularly in light of Plaintiff's egregious failure to abide by that order. They are also moot, since the February Order has been superseded by the March Order, which re-set the schedule for completion of discovery.

The motion for contempt must be DENIED.

## I.    Background

The relevant background to the present motion includes two status conferences and two resulting discovery orders.

On February 19, 2026, the Court convened a status conference to discuss open discovery issues following dueling discovery motions. *See* Docket No. 74 (Defendants' motion to quash

requests for admissions); 83 (Plaintiff's motion for sanctions); 90 (clerk's notes for February 19, 2026, status conference). During the conference, I heard from both parties regarding outstanding discovery requests. The next day, I issued an order instructing the parties to complete their outstanding discovery tasks:

> **By Close of Business (COB) on Friday, February 20, 2026**, Defendants shall re-send all documents that were identified as having previously been supplied to Plaintiff in connection with Defendants responses to Plaintiffs Request for Documents.
>
> **By COB on Monday, February 23, 2026**, Plaintiff shall produce responsive documents in her possession, custody, or control, as requested in Defendants Request for Production of Documents.
>
> **By COB on Friday, March 6, 2026**:
>
> - Defendants shall amend the answers to Plaintiffs Second Set of Interrogatories, to clarify the answers with respect to responsive verbal communications.
>
> - Plaintiff shall respond to Defendants interrogatories, subject to Plaintiff's right to seek a protective order for highly sensitive information.
>
> **By COB on Friday, March 20, 2026**, Plaintiff shall sit for a full deposition. If Plaintiff requires that her deposition take place in multiple, shorter sessions, no later than Friday February 27, 2026, Plaintiff shall propose to counsel for Defendants a schedule of dates and sessions that meets the March 20, 2026 deadline for completion.
>
> Plaintiff and Defendants shall notify the Court and seek leave of Court before filing additional discovery motions.

Docket No. 92. I also scheduled a follow-up conference to check in with the parties shortly after the deadline for Plaintiff's deposition. Docket No. 91.

A few days prior to the scheduled second status conference, Defendants filed two motions to compel[1]: one to compel Plaintiff's compliance with the February Order in regard to production of documents and responses to interrogatories (Docket No. 96), and one to compel

---

[1] Defendants sought, and received, leave of court prior to filing the motions.

Plaintiff's deposition, after she had, on March 17, 2026, failed to appear for a scheduled deposition (Docket No. 97). It was evident from these motions that Plaintiff had not complied with her obligations under the February Order.

On March 20, 2026, I held a second status conference. At the conference, Plaintiff acknowledged that she had not in fact complied with the February Order: she had not yet responded to the interrogatories and had not yet sat for her deposition. Plaintiff represented to the Court that she had sent some kind of message to Defendants' counsel, on February 27, 2026, regarding deposition scheduling. But in response to my questions Plaintiff acknowledged that her message had not included a set of proposed dates consistent with my order.

At the March conference, I found that Plaintiff had violated the February Order with respect to both the interrogatories and the deposition.[2] I warned Plaintiff that she would be subject to sanctions if she failed to comply with future orders and I reviewed, in detail, the provisions of Fed. R. Civ. P. 37(b) with respect to sanctions for violations of discovery orders.

I issued a new scheduling order the same day. The docket entry reads as follows:

**By Close of Business (COB) on Monday, March 23, 2026,** Plaintiff shall submit responses to Defendants' interrogatories, and re-produce documents in a format that Defendants can access.

**On April 8, 2026**, Plaintiff shall sit for her deposition.

Defendants' motions, 96 MOTION to Compel *Plaintiff to Comply with Court Order Regarding Discovery* and 97 MOTION to Compel *Plaintiff's Deposition,* are denied as moot.

The Court notes that Plaintiff failed to comply with two directives from the Court's previous order 92 (response to interrogatories and sitting for deposition by March 20, 2026), and makes no finding with the respect to the third directive to produce

---

[2] In light of Plaintiff's representation that she had attempted to provide documents and that there had been some technical problem in completing the document production, I made no finding as to whether Plaintiff had violated the February Order with respect to document production.

responsive documents. Plaintiff shall pay the court reporter costs incurred by Defendants when she failed to appear for her March 18, 2026 deposition.

If parties require the Court to preside over the deposition, or if issues arise during the deposition that need urgent resolution, parties should alert the deputy clerk immediately.

Plaintiff and Defendants shall notify the Court and seek leave of Court before filing additional discovery motions.

Docket No. 102.

Plaintiff has now filed a motion to hold Defendants in contempt, which seeks as "relief," an order derailing the schedule set forth in the March Order. Plaintiff requests, in part, that the Court:

2. Order Defendants to respond immediately to Plaintiff's February 27, 2026 communication and complete the process and form an agreement per the Court Order (Doc 92).

3. Prohibit Defendants from proceeding with any deposition until they have complied fully with the Court-ordered process set forth in ECF Doc No. 92 [*i.e.* the February 20th Order].

Docket No. 104 at 6.

## II.    Contempt

"A court may hold a party in civil contempt if the moving party establishes, by clear and convincing evidence, that the alleged contemnor violated a clear and unambiguous court order despite notice of the order and the ability to comply with it." *Mantouvalos v. Mantouvalos*, No. CV 14-10067-NMG, 2019 WL 7390052, at *2 (D. Mass. Dec. 31, 2019) (citing *Hawkins v. Dep't of Health & Human Servs. for N.H., Comm'r*, 665 F.3d 25, 31 (1st Cir. 2012)).

Plaintiff contends that it was Defendants who failed to comply with the February Order, but as the Court found in the March conference, it plainly is Plaintiff who failed to comply. Plaintiff points to the provision in my February Order that gave Plaintiff an opportunity to propose multiple, shortened, deposition dates and posits that this provision "necessarily created a

reciprocal participation in the communication process requiring Defendants to respond so that an agreement could be established." Docket No. 104 at 3. This is nonsense. That provision was not directed at Defendants. It was directed at Plaintiff, and it was a clear and unambiguous directive for Plaintiff to propose to Defendants "a schedule of dates and sessions that meets the March 20, 2026 deadline for completion," if she required that her deposition be spread over more than one sitting. She did not do so.[3]

Defendants had no obligation, under the February Order, to engage in any open-ended discussion about deposition dates. Moreover, the February Order was explicit that—regardless—Plaintiff's deposition was to be completed by March 20, 2026. Nothing in the February Order created a "mandatory, bilateral process" as Plaintiff claims. And there can be no colorable claim that Defendants have violated any such provision—let alone that they are in contempt of court.

---

[3] During the March 20, 2026, status conference, Plaintiff asserted that she had sent an email to Defendants on the February 27, 2026, deadline, but she acknowledged that the email had not included proposed dates, or even a proposal for getting the deposition done:

> Ms. Kingston: I sent an email on the 27th regarding—that was the date in the order—regarding disability accommodations. Because I had requested to meet with the court ADA. . . . I was seeing this 27th date as an opportunity to present that. . . .

> Court: Ms. Kingston, I entered a court order that specifically says: if Plaintiff requires that her deposition take place in multiple, shorter sessions, no later than February 27, 2026, Plaintiff shall propose to counsel for Defendants a schedule of dates and sessions that meets the March 20, [2026] deadline for completion. I want to make sure I understand what you just said to me—I think that what you have just explained is that you did not send a list of proposed dates and times to Defendants by February 27, 2026. Is that correct?

> Ms. Kingston: I sent them correspondence; I did not send them dates. What I sent them was I was trying to understand my rights. . . .

*See* FTR Recording of Proceedings, Docket No. 101 at 10:29:18–10:31:25. Tellingly, Plaintiff has not provided a copy of the email with her motion.

### III.    Local Rule 37.1

In the Local Rules of the United States District Court for the District of Massachusetts, Rule 37.1 requires parties to "confer in good faith to narrow the areas of disagreement to the greatest possible extent." Plaintiff did not include a Rule 37.1 certification in her motion for contempt. For this reason, too, Plaintiff's motion is denied.

### IV.    Leave of Court

The February Order stated that parties "shall notify the Court and seek leave of Court before filing additional discovery motions." Docket No. 92. Plaintiff did not request such permission before filing the present motion, and for this reason, too, Plaintiff's motion is denied.

CONCLUSION

For the forgoing reasons, Plaintiff's motion is DENIED.

The Court reiterates, yet again, that the schedule set forth in the March Order (Docket No. 102) remains in force. The Court *again* reminds Plaintiff that violation of the Court's discovery orders may incur sanctions, as set forth in Fed. R. Civ. P. 37(b).

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: April 1, 2026

7

<u>NOTICE OF RIGHT TO OBJECT</u>

The parties are advised that under Federal Rule of Civil Procedure 72(a) or Federal Rule of Criminal Procedure 59(a), and under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).