**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **AIMEE L. KINGSTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GREGORY STRANGE, et al.,**<br><br>**Defendants.** | **Case No. 24-cv-12021-DJC** |

**MEMORANDUM AND ORDER**

**CASPER, C.J.** **September 10, 2026**

## I. Introduction

Plaintiff Aimee Kingston ("Kingston") has filed this lawsuit *pro se* against Defendants Gregory Strange, Frank Caridi, Kevin Greiner, Stephanie Danielson, Connor Read, Dottie Fulginiti, Peter Deschenes, Robert Stetson, Christopher Anderson, Deborah Balcarek, Amos Keddem (collectively, the "Individual Defendants"), the Town of Easton Massachusetts, the Town of Easton Massachusetts Inspectional Services, the Town of Easton Massachusetts Building Department, the Town of Easton Massachusetts Planning and Zoning Board, the Town of Easton Massachusetts Planning & Economic Development, the Town of Easton Massachusetts Department of Town Administrator and the Town of Easton Massachusetts Select Board (collectively, the "Town Defendants") under 42 U.S.C. § 1983, alleging violations of the First, Fourth and Eighth Amendments and violations of procedural due process, substantive due process and equal protection pursuant to the Fourteenth Amendment. D. 1. The Court previously

dismissed the bulk of Kingston's claims against the Individual Defendants and all claims against the Town Defendants. D. 53. The Individual Defendants have now moved for summary judgment on Kingston's one remaining claim for an alleged violation of procedural due process. D. 108. For the reasons stated below, the Court ALLOWS the motion.

## II. Standard of Review

The Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (internal citation omitted). The movant "bears the burden of demonstrating the absence of a genuine issue of material fact." Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets its burden, the non-moving party may not rest on the allegations or denials in its pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but must come forward with specific admissible facts showing that there is a genuine issue for trial, Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010). The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

## III. Factual Background

The Court draws the following facts from the Individual Defendants' statement of material facts, D. 110, and Kingston's response to the same, D. 112-1. For the purposes of this motion, facts that Kingston has not responded to are deemed admitted. See id. ¶¶ 4-6, 8-9; see also Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003) (providing that "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for

purposes of the motion to be admitted by the opposing parties unless controverted by the statement required to be served by opposing parties" (quoting D. Mass. L.R. 56.1)); Rodio v. R.J. Reynolds Tobacco Co., 416 F. Supp. 2d 224, 227 (D. Mass. 2006) (deeming defendant's facts admitted where plaintiff disputed facts, but failed to present supported facts that controvert assertions in defendant's statement of facts). Although Kingston disputes a number of the Individual Defendants' facts, at least to some degree, see D. 112-1, and raises several arguments related to the Individual Defendants' discovery conduct and supporting evidence, see D. 112 at 7-43, 62-77, the facts material to Kingston's remaining claim are undisputed and, accordingly, the Court focuses on those facts here.

In late 2021, Kingston, as the manager of Integrated Real Estate Solutions, LLC, acquired a property in Easton, Massachusetts (the "Property"). See D. 110 ¶ 2; D. 112-1 ¶ 2; see also D. 111-2. She acquired a special permit to perform work at the Property from the Town Planning Board and Zoning Board. D. 110 ¶ 5; D. 112-1 ¶ 5. In her deposition, Kingston described the scope of her renovations as "significant . . . a complete redo." D. 111-1 at 5.[1]

After the project began, the Town of Easton issued Kingston a stop work order on August 31, 2022. D. 110 ¶ 6; D. 112-1 ¶ 6. The order stated, "[t]he special permit did not allow for the extensive demolition work conducted at the sight [sic]," and ordered Kingston "to cease and desist such activity." D. 111-2. The order further informed Kingston that she had the right to appeal to the Zoning Board of Appeals. Id.

Kingston spoke with the Planning Board secretary after receiving the stop work order. D. 110 ¶ 8; D. 112-1 ¶ 8. Kingston was advised to attend a Planning and Zoning Board meeting

[1] Kingston disputes this fact and claims the term "complete redo" "is a subjective, non-technical phrase used colloquially to describe interior renovation work," D. 112-1 ¶ 3, but it is undisputed that this was her deposition testimony, D. 111-1 at 5.

on September 7, 2022, where the Property would be on the agenda. D. 110 ¶ 9; D. 112-1 ¶ 9. Kingston, accompanied by her builder, attended the meeting. D. 110 ¶ 9; D. 112-1 ¶ 9. The parties dispute what occurred at this meeting. D. 110 ¶¶ 10-11; D. 112-1 ¶¶ 10-11. After the September meeting, however, Kingston exchanged emails with town personnel about the Property. See D. 110 ¶ 12; D. 112-1 ¶ 12.

The Individual Defendants have submitted evidence of another Planning and Zoning Board meeting in April 2023 where the Property was discussed. D. 111-4 at 4. Kingston claims that she has no knowledge of this meeting, what was discussed, whether her attorney attended, and that she "did not authorize any appearance." D. 112-1 ¶ 15. Kingston also asks that this evidence be stricken because the Individual Defendants did not produce it during discovery, did not identify it during initial disclosures and did not reference it in any interrogatory responses. D. 112 at 7. At some unspecified time while dealing with the Town, Kingston's building permit for the Property was cancelled. D. 112-4.

## IV. Procedural History

Kingston brought this action on August 6, 2024. D. 1. Defendants moved to dismiss on September 4, 2024. D. 7. The Court allowed the motion to dismiss as to all claims against the Town Defendants and for Kingston's substantive due process, equal protection claims and her claims pursuant to the First, Fourth and Eight Amendments as to the Individual Defendants. D. 53 at 11. The parties proceeded with discovery on Kingston's remaining procedural due process claim against the Individual Defendants, who have now moved for summary judgment, D. 108.

## V. Discussion

"The deprivation of a constitutionally protected interest in life, liberty, or property is a threshold requirement for a successful procedural due process claim." Mimiya Hosp., Inc. SNF v. U.S. Dep't of Health & Hum. Servs., 331 F.3d 178, 181 (1st Cir. 2003). "Property interests, of

course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972).

Kingston did not plead the deprivation of a specific, protected property interest in her complaint. See D. 1 at 9-35, 58. Moreover, in her opposition to the Individual Defendants' summary judgment motion, Kingston first faults the Individual Defendants for "never identify[ing] a protected property interest as Rule 56(a) requires in a procedural-due process action." D. 112 at 43. It is, however, the plaintiff's burden to establish that she was deprived of a property interest when raising a procedural due process claim under § 1983. See, e.g., Bos. Exec. Helicopters, LLC v. Maguire, 196 F. Supp. 3d 134, 143 (D. Mass. 2016) (citing Davis v. Coakley, 802 F.3d 128, 134 (1st Cir. 2015)). Kingston also argues that the Individual Defendants' summary judgment motion should be denied because it mistakenly addresses assumes that the special permit is the protected property interest" for her due process claim, which she says cannot be the property right underlying her due process claim. D. 112 at 43-44.

It is not until her opposition to the present motion that Kingston points to two property interests. Kingston defines the first interest as the "legislative commands, and the procedures themselves" afforded by the Massachusetts Administrative Procedure Act ("Massachusetts APA"). Id. at 45; see Mass. Gen. L. c. 30A, §§ 10-11. But it is well settled that "[p]rocedural safeguards are not, themselves, protected interests for the purposes of procedural due process claims." Lay v. City of Lowell, 759 F. Supp. 3d 247, 253 (D. Mass. 2024) (describing the circular reasoning of the claim "that a constitutionally inadequate process deprived [plaintiff] of his protected right to a constitutionally adequate process") and cases cited. This interest, therefore, cannot support Kingston's procedural due process claim.

Kingston's second claimed property interest, which she describes as the "actual protected property interest[]" at issue, is her building permit. D. 112 at 46 (emphasis omitted); see D. 112-4. Kingston's complaint, however, alleged that "at no time up to an[d] including the date of this complaint, has [Defendant] Caridi suspended or withdrawn the building permit he issued." D. 1 at 11 ¶ 8.iv. She also asserts in her opposition that she learned about the revocation of her building permit well after filing this lawsuit. See D. 112 at 47 (noting that she did not know of the revocation at the time that she filed D. 83-1, which she filed on February 2, 2026). "It is well-settled that a party may not 'raise new and unadvertised theories of liability for the first time in opposition to a motion for summary judgment.'" edv & cad grp. v. Scopic Software LLC, 771 F. Supp. 3d 33, 53 (D. Mass. 2025) (quoting Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 76 (1st Cir. 2016)). Kingston's procedural due process claim, therefore, cannot rest on a property interest in her building permit.

Even assuming *arguendo* that Kingston sufficiently identified any deprivation of a property right, summary judgment of her procedural due process claim is still warranted due to the adequate remedies available under Massachusetts law. A plaintiff cannot prevail under § 1983 for a procedural due process claim "unless [s]he can show that the state failed to provide [her] with an adequate postdeprivation remedy." See Cronin v. Town of Amesbury, 81 F.3d 257, 260 (1st Cir. 1996); see also Charron v. Cnty. of York, 49 F.4th 608, 620 n.15 (1st Cir. 2022) (recognizing that "a procedural due process claim may not be redressed under section 1983 where an adequate state remedy exists" but noting that defendants did not argue same) (quoting Reid v. New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995)).

Here, the Individual Defendants argue that the notice of Kingston's right to appeal to the Zoning Board in the stop work order on her special permit, along with further relief available under

the Massachusetts APA, Mass. Gen. L. c. 30A, § 14, precludes relief for Kingston's procedural due process claim under § 1983. D. 109 at 7 and cases cited. Kingston does not respond to this argument or claim that she has not been afforded adequate post-deprivation state law remedies regarding her building permit. Instead, she cites various provisions of the Massachusetts APA and Massachusetts zoning laws that she believes were not followed. See D. 112 at 18, 64, 71-72, 75-77, 80-82. Massachusetts law provides a remedy for these claims of unlawful agency action. See Mass. Gen. L. c. 30A, § 14(7) (establishing the right of judicial review of agency actions prejudicing the substantial rights of any party); Mass. Gen. L. c. 40A, § 17 (establishing right of judicial review for "[a]ny person aggrieved by a decision of the [zoning] board of appeals or any special permit granting authority"); Mass. Gen. L. c. 185, § 3A; see also Mass. Gen. L. c. 40A, § 8 (establishing the right to appeal enforcement actions from any administrative officer acting under Massachusetts zoning law). It is undisputed that Kingston did not appeal the stop work order on her special permit, D. 110 ¶ 20; D. 112-1 ¶ 20, and she does not claim to have sought post-deprivation relief under Massachusetts law regarding the revocation of her building permit, see D. 112 at 47; see Masse v. Zoning Bd. of Appeals of Weston, No. 11-P-1460, 2012 WL 1889305, at *1 (Mass. App. Ct. May 25, 2012) (unpublished) (describing the process plaintiff used to challenge the rescinding of a building permit and respond to a cease and desist letter). Kingston's inability to show that the Individual Defendants failed to provide her with an adequate post-deprivation remedy forecloses her procedural due process claim even assuming she has shown a disputed issue of material fact about the deprivation of a property right. See Cronin, 81 F. 3d at 260; see also Holdcraft v. Town of Brookfield, 365 F. Supp. 3d 190, 198 (D. Mass. 2019) (dismissing a procedural due process claim where the "Massachusetts statutory scheme set forth in Chapter 40A provide[d] an adequate post-deprivation remedy" to challenge the Zoning Board

of Appeals' decision); Burnham v. City of Salem, Mass., 101 F. Supp. 2d 26, 35 (D. Mass. 2000) (first citing Mass. Gen. L. c. 30A, § 14, and then citing Mass. Gen. L. c. 249, § 4 as available post-deprivation relief precluding plaintiff's procedural due process claim); Herwins v. City of Revere, 163 F.3d 15, 20 (1st Cir. 1998) (explaining that a plaintiff cannot ignore state provided procedural remedies and create a federal case for a denial of procedural due process).[2]

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS the Individual Defendants' motion for summary judgment. D. 108.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge

[2] In light of this ruling, the Court need not reach the Individual Defendants' alternative arguments for summary judgment including its contention that the Individual Defendants are entitled to qualified immunity. D. 109 at 5-6, 7-8.